**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| **BEANITOS, INC.,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> **v.** ) <br> ) <br> **MEDORA SNACKS, LLC,** ) <br> ) <br> **Defendant.** ) <br> ) | **Civil Action No. 1:15-cv-00303** |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Beanitos, Inc. files this Original Complaint against Defendant Medora Snacks, LLC and alleges the following:

### PARTIES

1. Plaintiff Beanitos, Inc. ("Plaintiff") is a Delaware corporation with its principal place of business at 3601 South Congress Ave., Suite B-500, Austin, Texas 78704.

2. Upon information and belief, Defendant Medora Snacks, LLC ("Defendant") is a Delaware corporation with its principal place of business at 79 Industrial Place, Middletown, New York 10940, or at 402 East Main Street, Middletown, New York 10940.

### JURISDICTION

3. Upon information and belief, this Court has personal jurisdiction over Defendant, a nonresident, because it has established minimum contacts with the State of Texas, and the exercise of jurisdiction over it does not offend traditional notions of fair play and substantial justice, as Defendant does business in Texas through its contracting with one or more Texas residents for performance in whole or in part in Texas. *See* TEX. CIV. PRAC. & REM. CODE § 17.042; *see also* FED. R. CIV. P. 4(k)(1)(A) ("[s]erving a summons … establishes personal

jurisdiction over a defendant … who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located"). More specifically, on information and belief, Defendant has at all relevant times knowingly distributed, marketed and/or sold its products to Texas residents through Texas-based retailers, and/or Defendant's interactive website located at http://www.medorasnacks.com (last visited Apr. 2, 2015), with said website, *inter alia*, promoting Defendant's products to Texas residents, allowing users to provide their contact information (including their state via a drop-down menu that includes "Texas"), allowing users (including Texas residents) to create and maintain online accounts with Defendant and/or said website, and allowing users (including Texas residents) to purchase products from Defendant online. On further information and belief, Defendant has also taken significant, concrete steps to distribute, market and/or sell its products, under the marks and trademark registrations giving rise to this lawsuit, to Texas residents through Texas-based retailers, and/or Defendant's aforementioned interactive website; and the controversies and claims alleged herein arise out of or relate to such activities.

    4.  Defendant may be served with process as provided under Fed. R. Civ. P. 4(c), 4(e)(1), and 4(h)(1), as effected pursuant to Tex. R. Civ. P. 106(a)(2) and 108 being the state law for serving a summons upon non-residents in an action brought in the courts of general jurisdiction in the state where the district court is located, by U.S. Certified Mail, Return Receipt Requested to the last known residence, usual place of business or registered office of Defendant's registered agent in New York (Defendant's principal place of business), Ronald S. Kossar, 402 East Main Street, Middletown, New York 10940-2516. The foregoing name and address of Defendant's registered agent is derived from information registered with the New York Secretary of State.

5. Additionally and/or alternatively, Defendant may be served with process as provided under FED. R. CIV. P. 4(c), 4(e)(1) and 4(h)(1)(A), as effected pursuant to the Texas Long-Arm Statute being the state law for serving a summons in an action brought in the courts of general jurisdiction in the state where the district court is located, by service through the Texas Secretary of State, 1019 Brazos Street, Austin, Travis County, Texas 78701, which shall forward process to Defendant's home office at 79 Industrial Place, Middletown, New York 10940, or c/o Ronald S. Kossar, 402 East Main Street, Middletown, New York 10940-2516, by U.S. Certified Mail, Return Receipt Requested.  TEX. CIV. PRAC. & REM. CODE §§ 17.044(a)-(b), 17.045(a); *see* TEX. R. CIV. P. 106(a)(2), 108.  The Texas Secretary of State serves as Defendant's agent for service of process because Defendant, a non-resident, has engaged in business in Texas from which this lawsuit arises, but has not designated or maintained a resident agent for service of process in Texas and/or does not maintain a regular place of business in Texas.  The foregoing address of Defendant's home or home office is derived from information registered with the New York Secretary of State and other public records.

6. The Court has subject matter jurisdiction because this lawsuit arises under subchapter 3 of the Lanham Act, 15 U.S.C. §§ 1111 *et seq.*  28 U.S.C. §§ 1331 (federal question jurisdiction) & 1338(a)-(b) (trademark and unfair competition jurisdiction).

## VENUE

7. Venue is proper in this judicial district because a substantial part of the events or omissions giving rise to the claims occurred or will occur, or damage to Plaintiff's trademark rights that is the subject of the action will take place, in this judicial district.  28 U.S.C. § 1391(b)(2).

## STATEMENT OF FACTS

8. Plaintiff manufactures and distributes various food items made primarily from beans, such as bean chips and puffs. Plaintiff generally sells its bean-based snacks in bags, including a 6 ounce size, in different flavors and seasonings. Plaintiff's bags promote that the bean-based snacks are a good source of fiber and protein.

9. Plaintiff, through years of substantial and continuous use, has acquired valuable trademark rights and associated goodwill in the word mark BEANITOS and stylized versions thereof for use in connection with the food items it manufactures and distributes (collectively, the "Plaintiff's Marks").

10. In connection with Plaintiff's Marks, Plaintiff owns valid and subsisting federal trademark registrations on the Principal Register, including U.S. Registration No. 4,622,090, registered on October 14, 2014 in class 29 for "soy chips made with beans, and vegetable chips made with beans;" U.S. Registration No. 4,625,866, registered on October 21, 2014 in Class 29 for "extruded snacks made primarily from beans;" U.S. Registration No. 4,622,080, registered on October 14, 2014 in class 29 for "soy chips made with beans, and vegetable chips made with beans;" and U.S. Registration No. 4,622,146, registered on October 14, 2014 in Class 29 for "extruded snacks made primarily from beans," with the following being an illustration of the mark made subject to said registration:

# BEANITOS

11. Upon information and belief, Defendant is a direct competitor of Plaintiff. Defendant markets and distributes snack foods in commerce, including in Texas, through retailers and through its interactive web site.

12. Upon information and belief, Defendant has taken significant, concrete steps to produce, and distribute and market, including in Texas, bean-based and corn-based snacks under one or more versions of the mark POPBEANTOS (collectively, the "Infringing Marks"). For example, upon information and belief, Defendant has produced, marketed, and distributed in interstate commerce sample bean-based snacks, under the mark POPBEANTOS. Upon information and belief, the packaging for such snacks consists of 6 ounce bags containing a stylized version of the POPBEANTOS mark along with the written description of the snack as "Popped Bean Chips." A close approximation of the stylized version of the PopBeantos mark which appears on the packaging, is as follows:

# POP**BEANTOS**

The packaging promotes that the chips are a good source of fiber and protein. The chips are available in more than one flavor or seasoning. In connection therewith, Defendant has also filed the following two intent-to-use applications for federal trademark registration of certain Infringing Marks on the Principal Register: U.S. Application No. 87/293,986, filed September 13, 2014, in Class 29 for "bean-based snack foods" (the "'986 Application"); and U.S. Application No. 87/293,988, filed September 13, 2014, in Class 29 for "corn-based snack foods" (the "'988 Application") (collectively, the "'986 and '988 Applications").

13. Upon information and belief, Plaintiff's use of the Plaintiff Marks is senior to Defendant's use of the Infringing Marks; and Defendant's use of the Infringing Marks is made without Plaintiff's consent or permission.

## CAUSES OF ACTION

### Count 1 – Federal Trademark Infringement

14. Plaintiff incorporates paragraphs 1 to 13 herein by reference.

15. The Infringing Marks are reproductions, counterfeits, copies, or colorable imitations of one or more of the federally registered Plaintiff Marks. Defendant's unauthorized use in commerce of the Infringing Marks in connection with the sale, offering for sale, distribution, and/or marketing of its above-described products is likely to cause confusion, or to cause mistake, or to deceive with respect to one or more of the federally registered Plaintiff Marks. Such acts – including Defendant's attempt to secure federal trademark registrations for certain Infringing Marks via the '986 and '988 Applications – constitute trademark infringement in violation of section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1)(a), and Plaintiff has been and will continue to be injured as a result.

16. Accordingly, Plaintiff seeks, at its later election, an award of: (a) Defendant's respective profits and any actual damages sustained by Plaintiff, as well as an enhancement of the amounts found as actual damages not exceeding three times such amounts; or (b) statutory damages. 15 U.S.C. §§ 1117(a) & 1117(c).

17. Additionally, Plaintiff seeks the delivery and destruction of all articles of Defendant's products, marketing materials, and packaging which make use of the Infringing Marks in a manner that infringes upon the senior and federally registered Plaintiff Marks as alleged above. 15 U.S.C. § 1118.

18. Additionally, Plaintiff seeks permanent injunctive relief restraining Defendant from further infringing the senior and federally registered Plaintiff Marks in the manners alleged above, and mandatory injunctive relief requiring Defendant to withdraw the '986 and '988 Applications, because: (a) Plaintiff has suffered and/or will suffer an irreparable injury; (b) other remedies available at law, such as monetary damages, are inadequate to fully compensate

Plaintiff for that injury; (c) a remedy in equity is warranted; and (d) the public interest will not be disserved by an injunction, permanent or otherwise.  15 U.S.C. § 1116(a).

19. Additionally, upon information and belief, Defendant's alleged misconduct is willful, intentional, and/or conducted in bad faith, thereby rendering this case exceptional within the meaning of section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a), for which Plaintiff seeks an award of its reasonable attorney fees for this action and any appeals thereof pursuant to applicable law.

20. Additionally, Plaintiff seeks an award of the costs of this action and any appeals thereof pursuant to applicable law.

21. Finally, Plaintiff seeks pre- and post-judgment interest on the principal amounts it will recover for this action and any appeals thereof pursuant to applicable law.

### Count 2 – Violation of Section 43(a) of the Lanham Act

22. Plaintiff incorporates paragraphs 1 to 21 herein by reference.

23. Defendant's unauthorized use in commerce of the Infringing Marks in connection with its above-described products and/or as a false designation of origin is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff, as to the origin, sponsorship, or approval of Defendant's products or commercial activities by Plaintiff.  Such acts – including Defendant's attempt to secure federal trademark registrations for certain Infringing Marks via the '986 and '988 Applications – constitute violations of section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A) ("Section 43(a) of the Lanham Act"), and Plaintiff has been and will continue to be injured as a result.

24.     Accordingly, Plaintiff seeks an award of Defendant's respective profits and any actual damages sustained by Plaintiff, as well as an enhancement of the amounts found as actual damages not exceeding three times such amounts.  15 U.S.C. §§ 1117(a) & 1117(c).

25.     Additionally, Plaintiff seeks the delivery and destruction of all articles of Defendant's products, marketing materials, and packaging which make use of the Infringing Marks in a manner that violates Section 43(a) of the Lanham Act as alleged above.  15 U.S.C. § 1118.

26.     Additionally, Plaintiff seeks permanent injunctive relief restraining Defendant from further violating Section 43(a) of the Lanham Act in the manners alleged above, and mandatory injunctive relief requiring Defendant to withdraw the '986 and '988 Applications, because: (a) Plaintiff has suffered and/or will suffer an irreparable injury; (b) other remedies available at law, such as monetary damages, are inadequate to fully compensate Plaintiff for that injury; (c) a remedy in equity is warranted; and (d) the public interest will not be disserved by an injunction, permanent or otherwise.  15 U.S.C. § 1116(a).

27.     Additionally, upon information and belief, Defendant's alleged misconduct is willful, intentional, and/or conducted in bad faith, thereby rendering this case exceptional within the meaning of section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a), for which Plaintiff seeks an award of its reasonable attorney fees for this action and any appeals thereof pursuant to applicable law.

28.     Additionally, Plaintiff seeks an award of the costs of this action and any appeals thereof pursuant to applicable law.

29.     Finally, Plaintiff seeks pre- and post-judgment interest on the principal amounts it will recover for this action and any appeals thereof pursuant to applicable law.

**Count 3 – Cancellation of Impending Federal Trademark Registrations**

30.     Plaintiff incorporates paragraphs 1 to 29 herein by reference.

31.     As further alleged above, Defendant has filed two intent-to-use applications for federal trademark registration of certain Infringing Marks on the Principal Register, namely, the '986 and '988 Applications.  Upon information and belief, the United States Patent & Trademark Office recently issued notices of allowance for the '986 and '988 Applications; and, given Defendant's taking of significant, concrete steps to produce, distribute and market bean-based and corn-based snacks under the Infringing Marks, as further alleged above, Defendant intends to timely file the appropriate statements of use for the '986 and '988 Applications.  Thus, on information and belief, federal trademark registrations will imminently issue on the '986 and '988 Applications.

32.     Accordingly, if any federal trademark registrations issue on the '986 Application and/or '988 Application, in whole or in part, while this lawsuit is pending, then Plaintiff seeks additional relief in the form of an order cancelling those registrations per sections 14(a) and 37 of the Lanham Act, 15 U.S.C. §§ 1117(a) & 1119, because, as further alleged above, Plaintiff believes it is or will be damaged as a result of those registrations, which are for marks that are likely to cause confusion with one or more of the senior and federally registered Plaintiff Marks. Alternatively, if Plaintiff's aforementioned suit to cancel any federal trademark registrations which issue on the '986 Application and/or '988 Application, in whole or in part, while this lawsuit is pending is not yet ripe for adjudication, then Plaintiff respectfully requests leave of court to amend this pleading to re-assert its suit to cancel those registrations once those registrations issue.

33.     Additionally, Plaintiff seeks an award of the costs of this action and any appeals thereof pursuant to applicable law.

34. Finally, Plaintiff seeks pre- and post-judgment interest on the principal amounts it will recover for this action and any appeals thereof pursuant to applicable law.

## CONDITIONS PRECEDENT

35. All conditions precedent to Plaintiff's claims have occurred or been performed.

## JURY DEMAND

36. Plaintiff hereby demands a jury trial on all triable issues.  FED. R. CIV. P. 38(b).

## PRAYER

37. For these reasons, Plaintiff respectfully asks the Court:

    a. for a judgment in favor of Plaintiff on Counts 1, 2, and/or 3 above;

    b. for an award of actual damages plus profits according to law and/or an award of statutory damages plus profits according to law;

    c. for the enhancement of any amounts of actual damages awarded according to law;

    d. for the delivery and destruction of all infringing articles according to law;

    e. for permanent and mandatory injunctive relief against Defendant according to law, and as described further above;

    f. for an order cancelling any federal trademark registrations that issue on the '986 and '988 Applications, in whole or in part, according to law, and as described further above;

    g. for an award of attorney fees according to law;

    h. for an award of costs according to law;

    i. for pre- and post-judgment interest according to law; and

    j. for such other and further relief as the Court may deem just and proper.

          Respectfully submitted,

          JACKSON WALKER L.L.P.
          100 Congress Avenue, Suite 1100
          Austin, Texas 78701
          (512) 236-2000 – Telephone
          (512) 236-2002 – Facsimile

          By:  */s/ Michael P. Adams*
                Michael P. Adams (TSBN 00872050)
                madams@jw.com
                Emilio B. Nicolas (TSBN 24058022)
                enicolas@jw.com

          ATTORNEYS FOR PLAINTIFF
          BEANITOS, INC.

## CERTIFICATE OF SERVICE

      This is to certify that on April 17, 2015, a copy of the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system; that Defendant's Filing Users for the CM/ECF system to send notification of such filing are currently unknown because Defendant has not yet been served with process or appeared in this lawsuit; and that Defendant will be served with a copy of the foregoing document contemporaneously with the service of process.

          */s/ Michael P. Adams*
          Michael P. Adams
          Emilio B. Nicolas